**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 95-5457

DAVID MILTON CREWS,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
William L. Osteen, Sr., District Judge.
(CR-92-299-WS)

Submitted: September 20, 1996

Decided: October 3, 1996

Before NIEMEYER, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William E. Martin, Federal Public Defender, William S. Trivette,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Walter C. Holton, Jr., United States Attorney, Paul A.
Weinman, Assistant United States Attorney, Gill P. Beck, Assistant
United States Attorney, Lynne P. Klauer, Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

David Milton Crews appeals his convictions for a conspiracy to possess with intent to distribute cocaine and marijuana, 21 U.S.C. § 846 (1994), the related distribution charges, 21 U.S.C. §§ 841(a)(1) & (b)(1)(A) (1994), and money laundering charges. 18 U.S.C. §§ 1956(a)(1)(A)(i) & (a)(1)(B)(i) (1994). Crews's only argument on appeal is that his conviction was barred by the Double Jeopardy Clause of the Constitution because it followed on the heels of four separate forfeiture proceedings under 18 U.S.C.§ 981(a)(1)(A) (1994) and 21 U.S.C. § 881(a)(6) (1994). Because Crews's argument is without merit, we affirm the convictions.

The Supreme Court recently resolved the uncertainty regarding the effect of the Double Jeopardy Clause on civil forfeitures in United States v. Ursery, ___ U.S. ___, 64 U.S.L.W. 4565 (U.S. June 24, 1996) (Nos. 95-345, 95-346). That decision affirmed the Court's adherence to the two-part test refined in United States v. One Assortment of 89 Firearms, 465 U.S. 354, 363 (1984). Under this test, a court must first determine whether Congress intended for proceedings under the relevant forfeiture statute to be criminal or civil. If the intent was to create a civil proceeding, then a presumption arises that the forfeiture does not implicate the Double Jeopardy Clause. Ursery, ___ U.S. at ___, 64 U.S.L.W. at 4571-72 & n.3. Under the second step of the test, the presumption may be rebutted where the "clearest proof" demonstrates that the forfeiture is so punitive in nature that the proceedings may not be fairly viewed as civil notwithstanding Congress' intent. Id.

Applying this test, the Supreme Court first found by the statutory language that Congress intended for forfeitures conducted under 18 U.S.C. § 981 and 21 U.S.C. § 881 to be civil, not criminal, sanctions. Id. at 4571. The Court then asked whether the statutes were so puni-

2

tive as to negate Congress' intent. This inquiry focused on the non-punitive goals served by these sections, explaining that § 881(a)(7) encouraged property owners to exercise greater care in the management of their property, made crime unprofitable, and could even be said to abate nuisances. Id. at 4572. Likewise, the Court found § 881(a)(6) and § 981(a)(1)(A) serve similar interests with the additional nonpunitive goal of ensuring that individuals reap no benefit from their criminal activity. In light of these goals, the Court determined that "there is little evidence, much less the `clearest proof' . . . suggesting that forfeiture proceedings under 21 U.S.C. §§ 881(a)(6) and (a)(7) and 19 [sic] U.S.C. § 981(a)(1)(A), are so punitive in form and effect as to render them criminal." Id. at 4572 (citations omitted). Accordingly, the Court found, categorically, that forfeitures under § 881(a)(6) and (7) and § 981(a)(1)(A) are "neither `punishment' nor criminal for purposes of the Double Jeopardy Clause." Id.

The Supreme Court's holding completely forecloses Crews's argument. The Government conducted the forfeiture of Crews's property under the same statutes expressedly considered by the Court in Ursery. Crews suffered no punishment in a constitutional sense as a result of the forfeitures. His subsequent conviction did not offend the Double Jeopardy Clause. Accordingly, we affirm his convictions.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

3